Filed June 6, 1895.

---

❖

No. 17,436.

Dawson, Guardian, v. Overmyer, Administrator.

Redemption.—*From Sale of Real Estate.—Complaint Insufficient.—Indefiniteness.—Offer to Redeem.*—Where, in a complaint or bill to redeem, it does not appear whether the sale sought to be redeemed from was on a lien senior to that of the plaintiff, or that plaintiff, before the filing of his bill, made an offer of the amount necessary to redeem, that amount having been fixed and ascertained before the bill was filed, which was not stated in the bill, the complaint is too uncertain, and is insufficient on demurrer for want of facts.

Same.—*Complaint.—Offer to Redeem.—Tender.*—The amount necessary to redeem not having been stated in the bill, the bringing into

court and tendering a specific sum in redemption is not sufficient. It should be made to appear that the amount tendered is the amount necessary to redeem.

SAME.—*Right of Redemption.—When Exists.*—A person can only redeem when he has an interest to protect, and where, without redemption, he would be a loser.

SAME.—*Senior Lienholder Can Not Redeem.*—A prior or senior lienholder has no right to redeem from a sale on a junior lien, because it would not protect any interest he has.

From the Fulton Circuit Court.

*G. W. Holman* and *R. C. Stephenson,* for appellant.

*I. Conner, W. W. McMahan* and *J. Rowley,* for appellee.

McCABE, J.—It is assigned for error that the circuit court overruled a demurrer for want of sufficient facts, to the complaint, and that it erred in overruling appellant's motion for a new trial.

The appellee had a decree authorizing him to redeem.

The pertinent allegations of the complaint are as follows:

That appellee "shows to the court that he is the administrator of Elizabeth Rarrick, * * deceased, * * * who, at her death, was the owner of certain promissory notes secured by mortgage on lands in Fulton county, Indiana (describing them); that on and before October 6, 1890, part of said sum had become due, and suit for the foreclosure of said mortgages was commenced by said Elizabeth in the Fulton Circuit Court, but before said suit was determined she died, and the said B. F. Overmyer was appointed administrator of her estate, and he was substituted as plaintiff in said cause, and prosecuted the same to judgment and decree of foreclosure, both with respect to the amount due and that to become due, which sums, at the date of said decree, amounted to $———, and were of that value. * * * Plaintiff further says there were two notes of

$50 each, with interest and attorney's fees, also secured by said mortgage on said real estate, and that the said Jonathan Dawson, as the guardian of said Edith E. Cowgill, purchased said notes, and, on the 4th day of February, 1892, recovered a judgment on said notes for $127.50, with a decree of foreclosure and order of sale of said real estate, which judgment and decree was rendered in the Fulton Circuit Court, and, on October 27, 1892, said Dawson caused all the said real estate to be sold at sheriff's sale by the sheriff of said county, as upon execution. And, at said sale, the said Dawson bid off the said land and received a certificate of purchase therefor, and at the expiration of one year from the date of said sale the said Dawson took a deed from said sheriff for said lands, as the guardian of the said Edith E. Cowgill, but without any order of this court for that purpose. * * At the commencement of the said action by the said Dawson, he was then and there the administrator upon the estate of the said Elizabeth Rarrick, but he says no judgment, decree or order was entered in said cause against him.

Plaintiff further says that he has instituted this action for the purpose of redeeming said real estate from said sale by the said Dawson, and to free said premises from the deed which the said Dawson holds for said land, and to subject said lands to the rights of the plaintiff as administrator of the said Elizabeth Rarrick's estate, as heretofore set out. He here brings into court and freely tenders the sum, $198.65, lawful money of the United States, in redemption of said land. Wherefore he prays the court for all proper relief."

This complaint is bad for a great many reasons.

For aught that appears therein the foreclosure decree mentioned in favor of appellee as the administrator of the estate of Elizabeth Rarrick may be senior or a prior

lien to the lien of the appellant; if it is, the appellee does not have to redeem, but may take out a precept and sell the real estate to satisfy his decree regardless of the previous sale on a junior lien.

We gather from the complaint that the same mortgage secured the notes held by Elizabeth Rarrick amounting to $1,000 that secured the two notes held by appellant. And that the action by said Elizabeth began in her lifetime to foreclose the mortgage was prosecuted after her death by the appellee as her administrator to a final decree of foreclosure. When that occurred is not stated. It also appears that the appellant, as the guardian of Cowgill, foreclosed the mortgage as to his notes in the amount of $127.50 on February 4, 1892.

The complaint states that said Dawson caused all of said real estate to be sold at sheriff's sale, and at the expiration of the year took a sheriff's deed. It is not stated that the sheriff's sale was on the decree mentioned. If it was not, it may have been on a junior lien. If that were true no right of redemption existed because the appellee could sell on his foreclosure and the title conveyed would be paramount to the title secured by the appellant by his purchase. A person can only redeem when he has an interest to protect, and where, without such redemption, he would be a loser. 2 Jones Mort., section 1055; *Buser* v. *Shepard*, 107 Ind. 417.

The prior or senior lien-holder has no right to redeem from the junior because it does not protect any interest he has. For aught that appears, the sale was made on a lien that was junior to appellee's lien.

It will be observed that the complaint seeks to redeem from the sheriff's sale. We presume that such right is claimed on the ground that the different sets of notes held by the different parties secured by the mortgage matured at different times, and, therefore, had priority

as liens in the order in which they became due, and hence to be treated as so many successive mortgages. But the decree of foreclosure must have fixed that matter. The complaint gives no information about that. But the decree may have been one and entire, and there could be but one sale on that decree, and the money arising on the sale must be applied according to the directions of the decree fixing the priorities of the parties, if any there was between them.

The facts stated, however, are so meager and vague that we can not determine whether this principle applies or not. It suffices to say that the complaint is insufficient to redeem from the sheriff's sale because, if the appellee was entitled to redeem at all at the time he filed his complaint, he should, at least, have tendered the amount of appellant's bid. As a general rule, in a bill to redeem where the amount necessary to redeem is fixed and ascertained before the bill is filed, as was the case here, there must be a tender of that amount before the filing of the bill, and that fact must be stated in the bill. *Kemp* v. *Mitchell*, 36 Ind. 249; 2 Jones Mort., sections 1088, 1093, 1095; *Buser* v. *Shepard, supra.*

In all cases there must be an offer in the bill to pay what is due or whatever sum that may be found due. The offer here is to pay the sum of $198.65, no more and no less. If a redemption from the sale is effected it can only be done by paying the amount bid and paid by the purchaser at the sheriff's sale. That amount was easily ascertainable by the record. That amount is not stated in the complaint. It might have been $1,000. If so, $198.65 was not enough to tender and bring into court to redeem. If the amount necessary to redeem was not fixed and ascertained before the filing of the bill then it was necessary in the bill to offer to pay whatever sum

was found due or necessary. See the authorities last cited. This was not done in the complaint.

The trial court erred in overruling the demurrer to the complaint.

The judgment is reversed and the cause remanded, with instructions to sustain the demurrer to the complaint.

