## BROWN ET AL. *v.* FOLLETTE.

[No. 18,804.   Filed October 9, 1900.]

MORTGAGES.—*Trust Deeds.*—*Complaint.*—Where in an action to have a deed declared a mortgage, and for an accounting, the complaint alleging that a bank after foreclosing a mortgage on certain lands which plaintiff formerly owned, and on which she held a second mortgage, agreed with plaintiff that if she would pay and secure its claim within a certain time it would deed her the land, and that she afterward entered into a contract with defendant to furnish the money to pay the bank and take and hold the land in his own name as security, but that defendant afterward claimed to be the absolute owner of the real estate and refused to surrender the same to defendant, is not bad for failing to allege that defendant had notice of plaintiff's contract with the bank at the time he accepted the deed and that she had performed all of the conditions of such contract, or because it was not disclosed by the complaint that plaintiff had a mortgageable interest in the land. *pp. 317-321.*

MORTGAGES.—*Trust Deeds.*—*Evidence.*—Where real estate is trans-ferred as the mere security for a debt, no matter by what form of con-veyance. the transferee takes merely as a mortgagee, and has no other right or remedy, and parol evidence is admissible to show that a deed absolute on its face was intended to be a mortgage only. *pp. 321, 322.*

SAME.—*Trust Deeds.*—*Complaint.*—A complaint in an action to have a deed declared a mortgage, and for an accounting, alleging that certain real estate was conveyed to defendant to secure the payment of money advanced by him for plaintiff, and that defendant claims to be the absolute owner of the land, is not bad for failing to allege a tender of the amount due defendant, or plaintiff's ability and readiness to perform the conditions of the contract upon her part. *p. 322.*

SAME.—*Trust Deeds.*—*Interest.*—*Usury.*—Plaintiff, in order to secure an advancement made by defendant, caused certain real estate to be conveyed to him by warranty deed, absolute on its face, but in-tended as a mortgage as security for the payment of the advance-ment. *Held,* that an agreement to pay the lump sum of $10,000 over and above the legal rate of interest for the loan was usurious and void, under §7046 Burns 1894. *pp. 323, 324.*

COSTS.—*Mortgages.*—*Trust Deeds.*—Where in an action to have a deed absolute on its face declared a mortgage, and for an accounting, the defendant answered, claiming to be the absolute owner of the real estate, and the issue thus tendered was decided against defend-ant, the costs of such issue were properly taxed against defendant. *p. 324.*

From the Lake Circuit Court. *Affirmed.*

*J. B. Peterson,* for appellants.

*W. Olds* and *C. F. Griffin,* for appellee.

HADLEY, J.—Suit by appellee for an accounting and to have certain deeds declared a mortgage.

The errors assigned all rest on the third paragraph of the complaint. The substantive facts alleged in this paragraph follow: The appellee, being the owner of 1,300 acres of described land in Lake county, sold and conveyed it to one Krech for $242,000. Krech paid a part of the purchase price, assumed to pay certain mortgages placed thereon by appellee and held by the First National Bank of Crown Point, and executed his notes and mortgage back to appel-lee for the residue. Afterward appellee borrowed more money from the bank, and secured it by assigning to the

bank certain of the Krech notes.   Krech made default in payment to the bank and to appellee, and the bank thereupon, by John Brown, its president, and in his name, but for the use of the bank, began and prosecuted, to final judgment and decree, foreclosure proceedings for the collection of all its claims against the land.   In the same action appellee filed her cross-complaint for foreclosure against Krech, and obtained a judgment and decree thereon for more than $100,000 unpaid purchase money.   Upon a certified copy of the decree the bank caused the whole of the lands to be sold by the sheriff, and John Brown, in his own name, but for the use of the bank, bought the same in for $37,566. After the purchase the bank paid the taxes, and bought a first and unforeclosed mortgage indebtedness of one Allman, so that on the 27th day of January, 1895, the date of expiration of the year for redemption, the bank's total claim against the land amounted to $48,000, less the amount of rents received by the bank.   Prior to the expiration of the year for redemption, the bank agreed with the appellee that if she would pay $12,000 of its claim, and secure the balance, it would extend the time of redemption for one year, or to January 27, 1896, and if the bank received a deed of conveyance from the sheriff upon the sale, at the expiration of the year, to wit, January 27, 1895, upon performance by appellee of her promise within the following year, the bank would cause the land to be conveyed to her. The bank did receive the sheriff's deed in the name of John Brown.   The lands are worth $250,000.   On the——day of March, 1895, while appellee's agreement with the bank was still in force, appellee entered into a contract with the appellant Harry Spencer Brown to the effect that, as a loan to appellee, the appellant Brown, in consideration of a bonus or usurious interest of $10,000, was to perform appellee's contract with the bank, and take and hold the title to the land in his own name, as security for the money required in discharging the bank's claim, principal and inter-

est, and said $10,000 bonus, appellee to have possession and rents and profits of the land. Pursuant to this contract, appellant Brown paid the bank $12,000 in cash, and executed, to the acceptance of the bank, his notes for the residue of its claim; whereupon the bank, upon request of the appellee, caused its president, John Brown, to convey the land to appellant Harry Spencer Brown by a deed of special warranty, and at the same time, upon request of appellant, and as a part of the contract, appellee also executed to the appellant Brown her quitclaim deed to the land. After receiving the deeds, the appellant, contrary to his agreement, took possession of the land, and has collected all of the rents accruing since March, 1895, and has failed and refused to account to appellee for the same and claims that the deeds so executed to him by the bank and appellee were valid and absolute conveyances, and not a mortgage, and that he is thereby the absolute owner of the land in fee.

As against the other appellants, it is alleged as to Thakaberry that he claims some interest in the land, but, if he has any, it is subject to the rights of appellee; and as to Adelaide Brown, that she is the wife of Harry Spencer Brown, and has no interest in the land except such as may spring from her marital relation. Harry Spencer Brown has had possession of and collected the rents of the lands for three years, and such rents amount to the sum of $2,500 per annum. Prayer for an accounting, and that the deeds from the bank and appellee to appellant Harry Spencer Brown be adjudged a mortgage for the security of the amount due the appellant Brown, and that appellee be declared the owner of said lands subject to said mortgage, etc.

The errors assigned call in question the sufficiency of the above facts to constitute a cause of action against either of the appellants. No reason is suggested by counsel why the complaint is not sufficient as against Thakaberry, but eight reasons are urged on behalf of Harry Spencer Brown and Adelaide Brown why the complaint is not good as to them:

(1) Because it nowhere appears that Harry Spencer Brown had notice of appellee's contract with the bank at the time he accepted the deeds and paid the money for appellee; (2) because it is not averred that appellee performed all the conditions of her contract with the bank; (3) because the complaint shows that Krech was the owner of the lands, and that appellee had no mortgageable interest therein; (4) the facts pleaded tend to establish an express trust in appellant Brown, which can not be created by parole evidence, in violation of §3391 Burns 1894; (5) because of the absence of an averment that appellee relied and acted upon the promise of the bank to extend the time of redemption; (6) appellee, being one of the judgment creditors in the decree upon which the land was sold by the sheriff, had no right of redemption; (7) it was not averred that the sale to John Brown was upon the bank's foreclosure; (8) it contains no offer to pay what may be found due upon an accounting.

We do not perceive the pertinency of these objections—except the fourth and eighth—to the question before us. Neither the First National Bank of Crown Point nor any of its officers are parties to this action. No complaint is lodged against either. This complaint proceeds upon the theory that the appellant Harry Spencer Brown has violated his contract with the appellee, to her injury. It is charged therein that the appellant Brown loaned appellee $48,000 with which to discharge certain indebtedness to the bank, upon an agreement that appellee should cause the 1,300 acres of land to be conveyed to him by deeds absolute upon their face, but which were to be accepted and held by him only as a security for the repayment of the loan. Appellant's demurrer admits these averments to be true, and further admits that, in violation of his said agreement, he now claims that said deeds were not a security, but absolute conveyances, and that he is, in virtue thereof, the absolute owner in fee of the lands. Thus situated, appellant has no right to excuse his wrong upon the ground that he had

no previous notice of the terms of the contract by which appellee had procured from a third person the security she had promised and had given him for the loan; and quite as little right to question whether appellee had or had not kept her contract with such third person; or as to who had been the previous owner, and what appellee's previous interest in the property had been; or whether she had or had not relied and acted upon the bank's promise to extend the time for redemption; or whether appellee had or had not the right of redemption from the bank. Whatever may have been the character of the dealings between the appellee and the bank is of no concern to appellant. According to the complaint, the security he received was what he contracted for. The validity of his title is undisputed, and, if he peaceably enjoys all that he is entitled to, what difference can it make to him whence or how it came? Furthermore, if the law gave the bank the right to keep, under its sheriff's deed, the lands worth $250,000 for its debt of $48,000, or the right to declare appellee's contract for redemption forfeited for want of timely performance, but, being impressed with its moral duty to accept its money, and restore the valuable property to its rightful owner, the bank waived its legal rights, and made the conveyance to appellant upon request of the appellee, the generous act of the bank is to be commended, and can not be employed by the appellant as a means of despoiling appellee of her benefits. The bank, being the purchaser and holder of the certificate, was the only one to challenge the character or right of the redemptioner, and, once possessed of the title under the sheriff's deed, might even then grant redemption or make a resale—call it what we please—without enlarging the rights of disinterested strangers to the transaction.

Appellant's fourth objection to the complaint is also without foundation. The law is firmly settled in this State that wherever real estate is transferred as the mere security

for a debt, no matter by what form of conveyance, the transferee takes merely as a mortgagee, and has no other right or remedy, and parol evidence is admissible to show that a deed absolute upon its face was intended to be a mortgage only. See authorities collected in *Turpie* v. *Lowe,* 114 Ind. 37, at page 47.

The cases of *Kemp* v. *Mitchell,* 36 Ind. 249, and *Dawson* v. *Overmyer,* 141 Ind. 438, relied upon by appellant in support of his eighth proposition, were actions to redeem, and, though they contain a correct statement of the law, can not be accepted as authority in this case. This is not an action to redeem, but for an accounting, and to have the *right* to redeem *declared* upon disputed written contracts. The prayer is that the appellant Brown be required to account for the rents received by him during the three years that he held the land, and that the sum be credited upon the amount due him from the appellee, and that the deeds to appellant be declared to be a mortgage only to secure said indebtedness, and that appellee be given a reasonable time to redeem, or that, upon an ascertainment of the amount due appellant, he be permitted to proceed to forclose his mortgage as other mortgages are foreclosed.

The rule applicable in actions to redeem, that requires the plaintiff to tender the amount due, or aver his ability and readiness to perform the decree upon his part, does not apply to a case which has for its object only the construction of a contract, and the determination thereunder of the rights of the parties. Under the averments of the complaint that the appellant denies that appellee has any interest in the land, or the rents arising therefrom, and that he claims and asserts that his deeds thereto are absolute conveyances, and not a mortgage, and that he is the absolute owner in fee of the land, we think it is within the equity powers of the court to entertain the action for a statement of account between the parties, and to declare the legal effect of the disputed instruments. We hold, therefore, that the complaint is sufficient.

As a reason for a new trial appellant Brown urges that the finding and judgment of the court is not sustained by sufficient evidence; and particularly is it insisted that there is a total failure of proof (1) that appellee had an equity of redemption in the land at the time of its conveyance to appellant Harry Spencer Brown, and (2) that John Brown and one Murphy were authorized agents and acting for the First National Bank of Crown Point when the agreement was made with appellee for her repurchase or redemption of the land. As we have before seen, the facts here questioned are wholly immaterial. The appellant Brown, as a loan of money to appellee, discharged appellee's indebtedness to the bank upon terms which she had previously contracted with the bank, and, as a security for the repayment of the loan, appellant had taken a conveyance of the land by deeds absolute upon their face, but intended only as a mortgage. This is appellee's contention. Upon this proposition she submitted her suit, and by it she must win or lose. All collateral questions between appellee and the bank or its officers, not entering into the contract between the appellant and appellee, are foreign to the controversy between these parties. The court, upon the whole evidence, found for the appellee. The evidence is confused and contradictory. We can not weigh it, but deem it proper to state that there was ample evidence in support of all the material averments of the complaint.

The court gave the appellant judgment against the appellee for the amount of principal and interest due from appellee, but disallowed the bonus of $10,000 stipulated for. And this appellant claims was error. The court found the transaction to be a simple loan of money, and, therefore, the agreement to pay the lump sum of $10,000, over and above the legal rate of interest, for the loan, is clearly usurious and void, under §7046 Burns 1894. There is no merit in the contention that it was the consideration promised for the *right* to redeem. This right is perfect in appel-

lee when she repays her loan, with agreed interest, within legal limits. The principle upon which building and loan associations are permitted to collect penalties bears no analogy, and the cases cited have no application.

The court taxed to appellee all the costs accrued in the action up to the filing of the answer, and the balance to the appellant; and appellant complains that his motion to tax it all to the appellee was overruled. The motion was properly overruled. If appellant had disclaimed any interest in the land beyond holding it as security for the money he had loaned appellee, the costs would have ended with the answer, and been all rightfully taxable to the appellee. But he denied that he so held the land, and claimed to be the absolute owner, and the issue he thus tendered was tried and decided against him. That the court should require him to pay only the costs of that issue is quite as fair to him as he should ask. Numerous questions are reserved upon the admission and exclusion of evidence. The alleged erroneous character of the action of the court with respect to these questions is merely suggested by counsel, and, after considering them in detail, so far as they relate to material matters, we fail to perceive how the appellant can be injured by the rulings. We find no error in the record. Judgment affirmed.