## WHITE *v.* REDENBAUGH.

[No. 5,866. Filed October 8, 1907. Rehearing denied April 24, 1908.]

1. MORTGAGES.—*Deeds.—Conditional Sales.—Repayment of Consideration.*—The want of a covenant to repay the money received is not conclusive evidence that a conditional sale of the property conveyed was intended.. p. 583.

2. SAME.—*Satisfaction.—Deeds.—Conditional Sales.—Evidence.*—Whether a mortgage debt was extinguished by the satisfaction of record thereof, and the taking of a deed to the mortgaged premises, with a contract for reconveyance upon payment of the debt, is a question of the intention of the parties, which must be determined from a consideration of the entire transaction. p. 583.

3. MORTGAGES.—*Deeds.*—*Sales.*—*Evidence.*—Where the evidence
shows that the husband borrowed, from defendant, $425 for two
years, the wife executing a mortgage on her land, worth $1,200, as
security therefor, and that upon maturity of the note given, she
executed, to the defendant, her warranty deed therefor taking
a contract for a reconveyance upon payment thereof with interest
and any taxes or other liens to which the grantee might be liable,
such deed constitutes a mortgage, equity construing a writing as
a mortgage, rather than a conditional sale. pp. 583, 585.

4. SAME.—*Deeds.*—*Inadequacy of Consideration.*—*Inference.*—The
inadequacy of the consideration for a deed tends to raise an in-
ference that such deed is in reality a mortgage. p. 584.

5. APPEAL.—*Weighing Evidence.*—The Appellate Court will not
weigh conflicting evidence. p. 584.

6. MORTGAGES.—*Rents and Profits.*—*Owner of.*—The mortgagor in
possession of lands, is entitled to the rents and profits thereof.
p. 585.

From Montgomery Circuit Court; *Jere West,* Judge.

Suit by Carrie F. Redenbaugh against Israel H. White.
From a decree for plaintiff, defendant appeals. *Affirmed.*

*C. W. Burton* and *M. W. Bruner,* for appellant.
*Clyde H. Jones* and *John B. Murphy,* for appellee.

WATSON, J.—This was an action by appellee to set aside
and cancel a mortgage, and also a deed of conveyance of her
real estate, which she and her husband executed to appel-
lant. She alleged that she executed said note and mortgage
as surety for her husband, and that said deed was in fact
a mortgage. Appellant demurred to the complaint. The
demurrer was overruled and the cause put at issue by gen-
eral denial.

The errors relied upon by appellant are: (1) overruling
the demurrer to the complaint; (2) overruling the motion
for a new trial.

The complaint alleges, in substance, that appellant loaned
to appellee's husband, George W. Redenbaugh, $425,
and accepted a note due two years after date, executed
by the husband with appellee as surety, also the execution
by said appellee of a mortgage on certain land which was

her separate property; that appellant knew the loan was for the husband; that neither the wife nor her separate estate received any benefit therefrom; that appellee was the owner in her own right of the premises; that at the expiration of the two years, the debt being due and unpaid, appellant threatened to foreclose the mortgage unless the note was paid at once; that appellant informed appellee that if she would execute to him a deed for the land the loan would be extended for a year, and if the loan was paid in the extended time he would reconvey the land to her; that appellee, being ignorant of her rights and unadvised in the matter, joined her husband in executing to appellant a general warranty deed to the land; that at the same time they entered into an agreement in writing which recited the note and mortgage, also the execution of said deed; that appellant, by said instrument, agreed to reconvey, within one year, said real estate to any one appellee might name, providing she paid the $425, with interest at seven per cent from August 16, 1904 (date when the note was due), and all taxes or liens; that appellant was to have a lien on the crops for the accrued interest; that if the $425, with interest, was not paid within the year "this written agreement shall be null and void, and in said event said deed shall in nowise become ineffectual, but shall be valid and effectual for all intents and purposes, thereby giving, granting and conveying said real estate in fee simple as this day executed." The complaint further alleged that the deed was to extend the time of the indebtedness, and no other consideration whatever was received; that the property was reasonably worth $1,200; that a demand was made for a reconveyance of the property, and refused by appellant; that appellee remained in possession of the land, using it as her own.

It is argued that the deed and contemporaneous written agreement constitutes a conditional sale and not a mortgage.

It is true that by the written agreement appellee is 1. not bound to pay the $425 for which a reconveyance is to be had. But this fact of itself does not show conclusively that the transaction was a conditional sale. In *Conway's Executors* v. *Alexander* (1812), 7 Cranch *218, 3 L. Ed. 321, Chief Justice Marshall said: "The want of a covenant to repay the money is not complete evidence that a conditional sale was intended, but it is a circumstance of no inconsiderable importance." 1 Jones, Mortgages (6th ed.), §272; *Flagg* v. *Mann* (1833), 14 Pick. 467, 478; *Davis* v. *Stonestreet* (1853), 4 Ind. 101, 106.

Appellant also contends that since the consideration for the execution of the deed was the surrender of the note and mortgage and the satisfaction of record of the mort-2. gage, the debt was thereby extinguished, and hence the transaction constituted a conditional sale and not a mortgage. Whether the debt was extinguished is a question of the intention of the parties. · This must be gathered from an interpretation of the entire instrument.

The fact is set out that there was an existing debt at the time the deed was executed. The amount of the debt is the exact sum set out in the deed as the consideration for 3. the conveyance. On payment of said amount, White agreed to reconvey the property to any one whom appellee might name within one year. If appellee paid this sum, she would be entitled to a reconveyance of the land in question. It is further provided that the interest should accrue at the rate of seven per cent from August 16, 1904, being the date of maturity of said note. The separate contract and deed were dated and executed August 20, 1904. The fact that interest is payable by the terms of the contract is a circumstance tending to show that the debt was not extinguished. Furthermore appellee bound herself to pay the taxes on the land for the year agreed, and to pay all liens which White might pay or which might attach to the

land. If the instrument does not show clearly whether a mortgage or a conditional sale was intended, "equity * * * will construe a writing as a mortgage rather than a conditional sale." *Heath* v. *Williams* (1869), 30 Ind. 495, 513. And see *Wolfe* v. *McMillan* (1889), 117 Ind. 587, 592. According to the terms, the result would be this if this agreement constitutes a conditional sale. Mrs. Redenbaugh would convey seventy-four acres of land, pay interest on $425 for one year and four days, said interest amounting, at the agreed rate, approximately to $30, pay the taxes for the stipulated year on the land which had an assessed value of $700, and also pay any other liens for which the land might become liable. In return for this she would receive credit for the indebtedness of $425. The inadequacy of the consideration is obvious, and it has been held re-

4.  peatedly that inadequacy is a fact tending to raise the inference that the transaction was a mortgage. *Davis* v. *Stonestreet, supra; Turpie* v. *Lowe* (1888), 114 Ind. 37, 45; 1 Jones, Mortgages (6th ed.), §275. The trial court did not err in overruling the demurrer to the complaint.

Appellant further insists that there was error by the lower court in overruling the motion for a new trial. It has been said: "In order to authorize us on an appeal

5.  to disturb the judgment of the trial court on the evidence alone, it must appear that the evidence in the case is such as to raise or present for our decision not merely a question of fact, but one purely of law on some material issue, and that such question of law under the judgment of the trial court was decided erroneously." *Diamond Block Coal Co.* v. *Cuthbertson* (1906), 166 Ind. 290, 300. See, also, *Carver* v. *Forry* (1902), 158 Ind. 76; *Republic Iron & Steel Co.* v. *Berkes* (1904), 162 Ind. 517, and cases cited. Where there is evidence in the record to support the findings this court will not disturb the judgment below. *Case* v. *Collins*

(1906), 37 Ind. App. 491; *Nichols & Shepard Co.* v. *Berning* (1906), 37 Ind. App. 109, and cases cited.

It is not disputed that the mortgage was executed for the husband's personal debt. Neither is the execution of the deed and the contemporaneous agreement denied.

3. It resolves itself then into a determination whether there was evidence which would support the finding that this deed was given as a mortgage. The fair valuation of the land was shown to be $1,200. It was testified that White said he wanted the deed to secure himself, that all he wanted was his money, not the land. The appellee was allowed to remain in possession and to enjoy the income from the mortgaged property. The appellant held the record title of this property merely as security for his loan. Therefore the construing of the deed and separate instrument, aided by the testimony, shows the relation between the parties to be the same as if the deed had been a mortgage. Appellant must be considered as the mortgagee, out of possession of the mortgaged premises, and the same rules are applicable as if it had been a mortgage in the ordinary form. No rule of law is plainer or better understood than that the mortgagor of real estate has a right to the rents and profits so long as he remains in possession.

6. 

It is urged by appellant that the deed, absolute on its face, conveying the real estate in question, constituted a conditional sale. But considering together the deed, separate instrument, and all the facts surrounding the transaction, this position is not supported by the authorities. To constitute a conditional sale the debt to White from Carrie F. Redenbaugh must be extinguished by the sale and conveyance of the property. The proof shows that the debt was not extinguished, but, on the contrary, appellee was given one year and four days in which to pay the same, and the rate of interest was fixed the same as in

3.

the note, and upon payment of the debt and interest appellant was to reconvey to her the land in question. The facts presented by the record in this case establish that the instrument executed by appellee and husband to appellant on August 20, 1904, must be and is regarded as a mortgage. *Harbison* v. *Lemon* (1832), 3 Blackf. *51, 23 Am. Dec. 376; *Watkins* v. *Gregory* (1841), 6 Blackf. 113; *Loeb* v. *McAlister* (1896), 15 Ind. App. 643; *Matchett* v. *Knisely* (1901), 27 Ind. App. 664; *Kitts* v. *Willson* (1892), 130 Ind. 492; *Mott* v. *Fiske* (1900), 155 Ind. 597; *Voss* v. *Eller* (1887), 109 Ind. 260. The evidence supports the finding of the trial court, therefore no error was committed in overruling the motion for a new trial.

Judgment affirmed.