## CALAHAN *v.* DUNKER ET AL.

[No. 7,665.    Filed November 26, 1912.]

1.  APPEAL.—*Review.*—*Ruling on Demurrers to Separate Paragraphs of Complaint.*—Although the ultimate relief sought in each of two paragraphs of complaint that were held good, and which proceeded on the theory that a deed was intentionally executed, but with the agreement that it was to be held as security for a debt and title restored on payment thereof, was the same as that sought in each of two paragraphs to which demurrers

were erroneously sustained, where the latter proceeded on the theory that plaintiff was tricked into the execution of a deed when he intended to execute a mortgage, the error cannot be held harmless, since proof which may be insufficient to support the allegations of the paragraphs held good might be sufficient to prove the allegations of the paragraphs held bad.  p. 442.

2.  MORTGAGES.—*Deeds.—Action to Have Deed Declared a Mortgage.—Complaint.—Sufficiency.*—In an action to have a deed declared a mortgage, paragraphs of complaint averring that at the time of executing the deed a mortgage existed on plaintiff's land and a foreclosure suit was threatened, that plaintiff had no money or means except the mortgaged land, that he was illiterate, inexperienced in business and was working for defendant as a common laborer, that the mortgage and interest amounted to $365 and the land was worth $1,700, that plaintiff had no knowledge of the form and language of deeds and mortgages, and was unsuspecting and grateful to defendant who offered to loan him the money to pay the debt and take a mortgage which he offered to have prepared, and that defendant knew all of such facts and possessed knowledge and experience relating to such transactions, sufficiently show the existence of such relation as warranted plaintiff in relying on the integrity and superior knowledge of defendant.  p. 443.

3.  MORTGAGES.—*Deeds.—When Deed May be Shown to be a Mortgage.*—A conveyance of land absolute on its face, may, in equity, by means of extrinsic and parol evidence, be shown to be in fact a mortgage as between the original parties, and as against all who derive title from or under the grantee, except *bona fide* purchasers for value and without notice.  p. 444.

4.  MORTGAGES.—*Form of Instrument.—Deeds.—Deed Considered as Mortgage.*—The form of the instrument is not controlling in determining whether a deed is in fact a mortgage, but it will be held to be a mortgage if it was executed to secure a subsisting and unsatisfied debt.  p. 444.

5.  MORTGAGES.—*Deeds.—Deed Considered as Mortgage.—Evidence.—Inadequacy of Consideration.*—In determining whether an instrument in the form of a deed is to be construed according to its literal import or as a mortgage, inadequacy of consideration is a fact tending to show it to be a mortgage.  p. 445.

6.  MORTGAGES.—*Redemption.—Tender of Amount Due.—Complaint.*—In a suit to have a deed declared a mortgage and to redeem, the complaint must show a tender of the amount due before beginning the action, or must contain an offer to pay what is due or whatever sum may be found due.  p. 445.

7.  MORTGAGES.—*Redemption.—Complaint.—Tender or Offer to Pay Amount Due.—Sufficiency.*—The allegations of a complaint to have a deed declared a mortgage and to redeem, that as soon as

plaintiff learned that the instrument he had signed was a deed he demanded that defendant rectify the error, and offered to pay defendant the full amount of the debt with interest, and tendered him the sum in gold coin and legal tender treasury notes, lawful money' of the United States, which defendant refused and still refuses to accept, and that plaintiff has paid the money into court for defendant's use, sufficiently charge either a tender or an offer to pay the amount found due.  p. 445.

8.  EVIDENCE.—*Assessment for Taxation.*—*Value of Real Estate.*— While the verified assessment sheets of personal property are admissible against the party assessed on both the question of ownerhip and value, the assessed value of real estate is not admissible in evidence to show the value of the land, since under §10256 Burns 1908, Acts 1891 p. 199, §95, the owner does not fix the value or swear that he has valued the property at its true cash value, as in the assessment of personal property under §10202 Burns 1908, Acts 1903 p. 49, §32, although the value of land as testified to by the owner before the board of review may, in a proper case, be shown in evidence for the purpose of impeachment.  p. 446.

9.  APPEAL.—*Review.*—*Exclusion of Evidence.*—Where, in a suit to have a deed declared a mortgage the plaintiff and defendant gave in evidence conversations and transactions, some of which were known only to them, and the former's testimony tended to show a loan of money and the execution of an instrument to secure its payment to defendant, and the latter's testimony tended to show a purchase and absolute conveyance of the real estate for an agreed price, the exclusion of impeaching testimony, properly presented, was erroneous.  p. 447.

10.  MORTGAGES.—*Redemption.*—*Admission of Evidence.*—In a suit to declare a deed a mortgage where it was alleged that the instrument was executed to procure money with which to pay another mortgage on the land, where it appeared that the holder of the mortgage existing at the time of such conveyance had obtained a tax deed to the land, and that, shortly after the execution of the deed by plaintiff to defendant, defendant paid a mortgage to such holder and obtained from her a quitclaim deed, without other consideration than the payment of the mortgage, which deed was admitted in evidence, two quitclaim deeds executed by such mortgage holder to plaintiff prior to the payment of the mortgage were admissible in evidence on the question of plaintiff's intention and as tending to show that he did not consider her claim, if any, to a tax title as depreciating the value of his land and affording a reason for selling at an inadequate consideration, and that he understood he was giving security for a debt, and was not selling his land.  pp. 448, 449.

11.  MORTGAGES.—*Deeds.*—*Deed Considered as Mortgage.*—*Inten-*

*tion.*—The intention of the parties at the time of the original transaction is controlling in determining whether the deed, absolute on its face, was intended as a conveyance to a purchaser or as a security for a debt. p. 448.

12. MORTGAGES.—*Deeds.—Action to Declare Deed a Mortgage.— Evidence.—Intention.*—Any provable fact tending to reveal the intent of either or both of the parties in the execution of the instrument, is competent evidence in an action to have a deed, absolute on its face, declared to be a mortgage. p. 448.

From Lagrange Circuit Court; *James S. Dodge,* Judge.

Action by Frank H. Calahan against George W. Dunker and another. From a judgment for defendants, the plaintiff appeals. *Reversed.*

*Merritt & Duff,* and *Hanan, Ewbank & Hanan,* for appellant.

*James S. Dodge, Jr.,* for appellees.

FELT, J.—This is an action to declare a deed a mortgage and to redeem; also, by other paragraphs of complaint, to quiet title.

Appellant assigns as errors the sustaining of a demurrer to each of the first and fourth paragraphs of his complaint, for alleged insufficiency of facts, and the overruling of his motion for a new trial.

The case was tried on the second and third paragraphs of complaint, and issues were formed by general denial.

The gist of the second paragraph of complaint is that appellant, plaintiff below, is the owner of two certain tracts of real estate, one of which contained twenty-two, and the other sixteen acres, in Lagrange county, Indiana; that on September 10, 1908, he executed to appellee George W. Dunker a conveyance for said real estate, in the form of a warranty deed, but which was in fact a mortgage to secure the paymen of $415.05 which he owed said appellee, and which appellant agreed to pay with interest; that no instrument of defeasance was executed by said appellee, but at the time said deed was executed as aforesaid it was agreed that it should be so executed and held as security for said debt;

that said appellee denies that the same was so executed, and asserts that he purchased said real estate and is now the owner thereof in fee simple; that appellant tendered said appellee the sum of $474 in payment of said debt, and demanded a reconveyance of said lands and paid said sum into court for appellee's use; that to redeem from said mortgage appellant offers to pay whatever amount the court finds due said appellee, and is able so to do; that said appellee refused, and still refuses to accept payment of said debt, and notified appellant that he would not accept the same, and that he claims to be the owner of said land; that appellee Nettie B. Dunker is the wife of George W. Dunker. Prayer that the deed be declared a mortgage, and for all proper relief.

The third paragraph of complaint contained substantially the same averments as the second, except that it is therein alleged that appellee's claim of ownership is adverse to appellant's right, unfounded and a cloud on his title. Prayer that his title be quieted.

The first paragraph of complaint, to which a demurrer was sustained, contains the same general averments as the second and third, but differs from them in this, that it is therein, in substance, alleged that appellant was on September 10, 1908, the owner in fee simple of the real estate in controversy, that on that date Lucy A. Green held a mortgage thereon for $300 and some accrued interest and attorneys' fees, which was past due, and foreclosure was threatened; that appellant had no money or means except the mortgaged premises; that he was at the time in the employment of appellee George W. Dunker as a common laborer; that said appellee knew his situation and inability to pay said debt, and offered to loan him the money with which to pay the same, and the additional sum of $50, in all $415.05, and to take a mortgage on said land as security therefor; that appellant agreed to repay the same with interest; that said Dunker, in pursuance thereof, caused an instrument in writing to be executed by appellant,

which he (Dunker) represented was a mortgage to secure said loan, and agreed to release the same when the debt was paid; that appellant is twenty-eight years old, illiterate and without any knowledge of the form and language of mortgages and deeds, and wholly unfamiliar with the manner of transacting business relating to such instruments, all of which was then and there well known to said appellee; that appellant had confidence in said Dunker's integrity and superior knowledge of business, was unsuspecting and grateful to said appellee, and believed and relied on his statement that said instrument was a mortgage; that it was in fact a warranty deed in form; that said appellee knew the difference between a mortgage and a warranty deed, and knew that appellant did not possess such knowledge, and that he did not know the meaning of the language used in the instrument so executed by him, and that he believed it was a mortgage; that said appellee purposely deceived appellant in regard thereto, and fraudulently misrepresented said deed to be a mortgage, for the purpose of cheating and defrauding him by obtaining from him, instead of a mortgage to secure said loan, a deed for said real estate, which is of the value of $1,700; that as soon as appellant learned that said instrument was a deed, he demanded of said Dunker that he rectify the error. That he has offered to pay him the full amount of said debt, with interest, and tendered him the sum of $474 in gold coin and legal tender treasury notes, lawful money of the United States, and he refused and still refuses to accept the same, and appellant has paid the money into court for said appellee's use; that said Dunker claims to be the absolute owner of said real estate; that appellant is the owner thereof in fee simple, subject to the lien thereon for the money so loaned and secured as aforesaid; that said appellee's claim to be the absolute owner of said real estate casts a cloud on appellant's title. Prayer that the court adjudge that appellant is the owner of said real estate in fee

simple; that said deed be declared a mortgage to secure appellee's loan; that appellant be allowed to redeem said land by paying the loan and interest in full; that appellee be required to accept such payment, and to release his claim by a conveyance of the real estate. The fourth paragraph is substantially the same as the first, but also charges that said Dunker is attempting to sell the land in controversy; that appellee's claim is unfounded, adverse to appellant and a cloud on his title. Prayer that his title be quieted, subject only to said mortgage lien, and for all proper relief.

Appellee asserts that the error, if any, in the rulings on the demurrers is harmless, for the alleged reason that all proof was admissible under the paragraphs held good

1. that could be received under the paragraphs held insufficient, and also asserts that all possible relief under the first and fourth paragraphs, held bad, was obtainable under the second and third paragraphs, held good.

The ultimate relief prayed for in the first and second paragraphs is to redeem the land from a mortgage in the form of a deed, and in the third and fourth paragraphs to quiet appellant's title to the real estate in controversy. There were, therefore, paragraphs held good which prayed for each kind of relief sought by appellant. The second and third paragraphs proceed on the theory that a deed was intentionally executed, but with the agreement that it was to be held as a security for the debt, and the title restored on payment of the debt. The first and fourth paragraphs proceed on the theory that appellant was tricked into the execution of a deed when he intended to execute a mortgage; that he was ignorant, inexperienced, relied on appellee, and believed, at the time and for some days thereafter, that he had executed only a mortgage.

Under the paragraphs held good there could be no dispute about the form of the instrument intended, and the controversy would be limited to the inquiry as to whether the deed

was taken as a security or as a conveyance of absolute title to a purchaser. The paragraphs held insufficient seek to open up the additional field of inquiry relating to the original agreement of the parties as to the kind of instrument to be executed, and to show that appellee George W. Dunker, by taking advantage of his own knowledge and experience and appellant's ignorance, inexperience and confidence in him, had secured a deed when he was entitled only to a mortgage. The proof to support these allegations would necessarily be different from that required where there is no dispute about the form of the instrument. The proof might be of a character to support the allegations of the paragraphs held insufficient, but fail to prove the paragraphs held good. *Field* v. *Noblett* (1900), 154 Ind. 357, 361, 56 N. E. 841; *Kniss* v. *Holbrook* (1896), 16 Ind. App. 229, 248, 44 N. E. 563, 44 N. E. 934; *Nichols & Shepard Co.* v. *Berning* (1906), 37 Ind. App. 109, 117, 76 N. E. 776. We therefore conclude that it cannot be held harmless error to sustain the demurrers to said paragraphs of the complaint, if the facts alleged are sufficient to state a cause of action.

It is contended that the paragraphs held bad are insufficient for failure to aver facts showing that such relation existed between appellant and George W. Dunker as

2. warranted his reliance on the latter; that the averments tending to show appellant under the influence and control of said Dunker are only conclusions of the pleader. Also that no sufficient tender is shown by the averments. The averments show a mortgage on appellant's land and a foreclosure suit threatened; that he had no money or means except the mortgaged land; that he was illiterate, inexperienced in business, and working for said Dunker as a common laborer; that the mortgage and accrued interest amounted to $365, and the land was worth $1,700; that appellant had no knowledge of the form and language of deeds and mortgages; that he was unsuspecting and grateful to Dunker, who had offered to loan him the money with which

to pay said debt, and undertaken to have the mortgage prepared; that said Dunker knew all of said facts and possessed knowledge and experience relating to such transactions. These averments support the charge that appellant relied on the integrity and superior knowledge of Dunker, and, for the purposes of the pleading are sufficient to show that he was not guilty of inexcusable neglect in so doing, and that the charge of confidence and reliance is not a conclusion of the pleader unsupported by the averment of facts. *Ray* v. *Baker* (1905), 165 Ind. 74, 86, 74 N. E. 619; *Givan* v. *Masterson* (1899), 152 Ind. 127, 131, 51 N. E. 237; *Robinson* v. *Glass* (1884), 94 Ind. 211, 214; *Peter* v. *Wright* (1855), 6 Ind. 183, 190; *Grim* v. *Griffith* (1905), 34 Ind. App. 559, 561, 73 N. E. 197; *Matlock* v. *Todd* (1862), 19 Ind. 130; *Bales* v. *Hunt* (1881), 77 Ind. 355, 359; *American, etc., Ins. Co.* v. *Bertram* (1904), 163 Ind. 51, 60, 70 N. E. 258, 64 L. R. A. 935; *Catalani* v. *Catalani* (1890), 124 Ind. 54, 59, 24 N. E. 375, 19 Am. St. 73. The fourth paragraph also contains all the essential averments of a suit to quiet title to real estate.

A conveyance of land absolute on its face, without anything in its terms to indicate that it is other than an absolute conveyance, and without any accompanying written defeasance, contract of repurchase or other agreement, may, in equity, by means of extrinsic and parol evidence, be shown to be in fact a mortgage as between the original parties, and as against all who derive title from or under the grantee, who are not *bona fide* purchasers for value and without notice. *Matchett* v. *Knisely* (1901), 27 Ind. App. 664, 669, 62 N. E. 87; *Brown* v. *Follette* (1900), 155 Ind. 316, 321, 58 N. E. 197; *Turpie* v. *Lowe* (1888), 114 Ind. 37, 47, 15 N. E. 834.

3.

This suit is between the original parties to the transaction, and the rights of third parties are in no way involved. The form of the instrument is not controlling in determining the character of the transaction. If it was

4.

executed to secure a subsisting and unsatisfied debt, it will be held to be a mortgage. The test of a mortgage is found in the existence of the debt and the execution of an instrument to secure it. *Hanlon* v. *Doherty* (1887), 109 Ind. 37, 39, 9 N. E. 982; *Voss* v. *Eller* (1887), 109 Ind. 260, 265, 10 N. E. 74; *White* v. *Redenbaugh* (1908), 41 Ind. App. 580, 583, 82 N. E. 110; *Bever* v. *Bever* (1896), 144 Ind. 157, 162, 41 N. E. 944.

In determining whether an instrument in the form of a deed is to be construed according to its literal import or as a mortgage, inadequacy of consideration is a fact

5. tending to show it to be a mortgage. *White* v. *Redenbaugh, supra,* 584; *Turpie* v. *Lowe, supra,* 45; *Richcreek* v. *Russell* (1904), 34 Ind. App. 217, 229, 231, 72 N. E. 617; 27 Cyc. 1012.

In a suit to redeem, the complaint must show a tender of the amount due before beginning the action, or there must be an offer in the bill to pay what is due or whatever

6. sum may be found due. To obtain equity there must be an averment of willingness and ability to do equity. 3 Pomeroy, Eq. Jurisp. (2d ed.) §1219; *Brown* v. *Follette, supra; Dawson* v. *Overmyer* (1895), 141 Ind. 438, 442, 40 N. E. 1065; *Kemp* v. *Mitchell* (1871), 36 Ind. 249, 255; *Aetna Life Ins. Co.* v. *Stryker* (1906), 38 Ind. App. 312, 329, 73 N. E. 953, 76 N. E. 822, 78 N. E. 245; *Horn* v. *Indianapolis Nat. Bank* (1890), 125 Ind. 381, 384, 25 N. E. 558, 9 L. R. A. 676, 21 Am. St. 231; *Evansville, etc., R. Co.* v. *Marsh* (1877), 57 Ind. 505, 508. Under the foregoing authorities, the averments of the first and fourth para-

7. graphs of complaint are sufficient to charge either a tender or an offer to pay the amount found due. The court therefore erred in sustaining the demurrer to each of said paragraphs.

Over appellant's objection, the trial court permitted the county auditor to testify to the assessed value of the real estate in controversy, as shown by the records of which he

is the custodian, and his action in so doing is assigned 8. as cause for a new trial. While it has been held that the verified assessment sheets of personal property are admissible against the party assessed on both the question of ownership and value, the reason of the rule fails when applied to the valuation of the real estate for taxation, since the owner does not fix the value or swear that he has valued the property at its true cash value, as in the assessment of personal property. *Indiana Union Traction Co.* v. *Benadum* (1908), 42 Ind. App. 121, 83 N. E. 261; §§10202, 10256 Burns 1908, Acts 1903 p. 49, §32, Acts 1891 p. 199, §95.

It is true that by §10265 Burns 1908, Acts 1891 p. 199, §104, the assessor is required to give to the owner a memorandum of the assessment, showing the time of the meeting of the board of review, but this is identical with the provision under the prior statute as to such assessments and the meeting of the board of equalization. §6387 R. S. 1881, Acts 1881 [s. s.] p. 611, §119. While the statute with reference to the assessment of personal property has been so changed as to justify the decision in *Indiana Union Traction Co.* v. *Benadum, supra,* it has remained practically unchanged as to the assessment of real estate. This being true, the question has already been decided that such assessments of real estate are not admissible in evidence to show the value of the land. *Chicago, etc., R. Co.* v. *Smith* (1893), 6 Ind. App. 262, 267, 33 N. E. 221; *Lefever* v. *Johnson* (1881), 79 Ind. 554; *Cincinnati, etc., R. Co.* v. *McDougall* (1886), 108 Ind. 179, 181, 8 N. E. 571; *Curme, Dunn & Co.* v. *Rauh* (1885), 100 Ind. 247, 253; *Milburn* v. *Phillips* (1894), 136 Ind. 680, 693, 34 N. E. 983, 36 N. E. 360. The board of review has the power to fix the assessment of real estate, but the landowner may, if aggrieved, by taking the proper steps, offer evidence to support his contention as to the value. If he becomes a witness, and makes a statement under oath different from that made on the trial, such statement, and not

the assessment made by the board, may be given in evidence to impeach his testimony, by showing the contradictory statements, if the proper basis has been laid for the admission of such testimony.  The right of review, or appeal, does not afford the basis for the admission in evidence of the assessments of real estate, and such assessments of personal property are not admitted because of such right, but because the party himself values the property and verifies it by his oath.  We therefore hold that it was error to admit in evidence the testimony of the county auditor showing the assessed value of the real estate in controversy.  Here the evidence tended to show that appellant was the owner of sixteen acres of land with buildings thereon, free of encumbrance, and of the value of $720.  Also of twenty-two acres, worth approximately $1,000, and encumbered for $350, all of which appellee George W. Dunker asserts was sold to him for the payment of the mortgage and $50 additional, together with some minor considerations.  The value of the land was, therefore, an important fact.  If the consideration was fairly commensurate with. the value of the property conveyed, the evidence tended to warrant the inference of a sale.  If grossly inadequate, it tended to warrant the inference that the deed was given as a security for the debt, and should be construed as a mortgage.

Where, as in this case, appellant and said appellee gave in evidence conversations and transactions, some of which were known only to them, and the former's testimony

9. tended to show a loan of money, and the execution of an instrument to secure its payment to said appellee, and the latter's testimony tended to show a purchase and an absolute conveyance of the real estate for an agreed price, it was error to exclude impeaching testimony properly presented.  The questions presented are not objectionable on the ground that the inquiry did not relate to the time of the trial, but when fairly interpreted come within the well-established rule of impeaching testimony.  *State, ex rel.,* v. *Thom-*

*as* (1887), 111 Ind. 515, 518, 13 N. E. 35, 60 Am. Rep. 720; *Lake Lighting Co.* v. *Lewis* (1902), 29 Ind. App. 164, 171, 64 N. E: 35, and cases cited.

It appears without dispute that a Mrs. Green held a mortgage on part of appellant's land at the time of the transaction between him and George W. Dunker; that she obtained a tax deed for certain real estate, including that in controversy, in February, 1897; that in 1908, shortly after appellant executed the deed to appellee Dunker, he paid a mortgage to Mrs. Green, and that, in pursuance of a previous arrangement, she at that time executed a quitclaim deed to said appellee for the real estate, without other consideration than the payment of her mortgage. This deed was admitted in evidence, and thereafter appellant offered in evidence two quitclaim deeds from Mrs. Green, one of which was executed in April, 1897, to appellant, and others as tenants in common of eighty acres of land including that here in controversy, and the other executed to appellant in 1902 for the real estate in controversy, after his interest had been separated from that of the other tenants in common. The deeds were duly acknowledged, but had not been recorded. Said appellee objected, on the ground that the deeds had not been recorded, had no connection with him, and did not relate to the issues.

The deed admitted was evidently intended to serve the purpose of justifying the consideration appellant received for his conveyance and was competent as tending so to do. The controversy here is between the original parties to the transaction, and under the issues the intention of the parties at the time of the original transaction is controlling in determining whether the deed was intended as a conveyance to a purchaser or as a security for a debt. *White* v. *Redenbaugh, supra.*

Any provable fact tending to reveal the intent of either or both the parties was competent evidence. Appellant was entitled to make proof according to his

theory of a mortgage. If he had quitclaim deeds from Mrs. Green, antedating that of appellee Dunker, though not of record, it is not likely he would consider her claim, if any, to a tax title, as depreciating the value of his land and affording a reason why he should sell for an inadequate consideration. Furthermore, it is shown that she placed no value on her apparent outstanding tax title, and was ready at all times to execute a quitclaim deed on the payment of her mortgage, and this fact was known to said appellee before he agreed to loan any money, or purchase the property, as the case may be. In view of this situation, the deeds excluded were competent evidence on the question of appellant's intention and as tending to show that he understood he was giving security for a debt, and was not selling his land.

Whether competent as against appellee to bind him on the question of Mrs. Green's title or claim against the land for taxes, presents a more serious question, since the deeds were not recorded, and it is not shown that appellee knew of them. We are inclined to the view that they cannot be considered evidence for the latter purpose, but were competent for the purposes already indicated.

Though not decisive of the question, the following decisions afford some light on the question of the exclusion of said deeds as evidence in the case. *May* v. *Dobbins* (1906), 166 Ind. 331, 332, 77 N. E. 353; *Krom* v. *Vermillion* (1895), 143 Ind. 75, 41 N. E. 539; *Carver* v. *Carver* (1884), 97 Ind. 497, 510.

For the errors pointed out, the judgment is reversed, with instructions to the lower court to overrule the demurrers to the first and fourth paragaphs of the complaint, to sustain the motion for a new trial and for further proceedings in accordance with this opinion.

Ibach, C. J., Myers, P. J., Hottel, Adams and Lairy, JJ., concur.

NOTE.—Reported in 99 N. E. 1021. See, also, under (1) 31 Cyc.
358; (2) 27 Cyc. 1854; (3) 27 Cyc. 991, 1032; (4) 27 Cyc. 1006;
(6) 27 Cyc. 1855; (8) 16 Cyc. 1135; (9) 38 Cyc. 1450; (10) 27
Cyc. 1018; (11) 27 Cyc. 1007; (12) 27 Cyc. 1018. As to deeds abso-
lute as mortgages, see 17 Am. Dec. 300; 4 Am. St. 696. Relief from
deed prepared by grantee which does not protect grantors rights see
13 L. R. A. (N. S.) 1089. For a discussion of the price as a con-
sideration in determining whether a deed was intended as a mort-
gage, see 20 Ann. Cas. 1199.