## MATCHETT *v.* KNISELY ET AL.

[No. 3,909.    Filed November 26, 1901.]

DEED.—*Varying Terms by Parol Evidence.*—Parol evidence is admissible to show that a deed absolute on its face is in fact a mortgage. *pp. 669, 670.*

MORTGAGES.—*Deed Construed as Mortgage.*—*Priority.*—The owner of a certain tract of real estate executed first, second, and third mort-

gages thereon.  Thereafter when the first mortgage became due it was paid by the holder of the second mortgage, to whom a deed to the property was given as security for the amount due on both mortgages, it being agreed as a part of the transaction that the time of payment of the second mortgage should be extended.  *Held,* that the deed given was in fact a mortgage, and was a lien superior to that of the third mortgage.  *pp. 666-671.*

From Marshall Circuit Court; *A. C. Capron,* Judge.

Suit by James H. Matchett against Peter Knisely and others on notes and to foreclose a mortgage.  From a judgment for defendant Paulus on her cross-complaint and for plaintiff against defendant Knisely and others, plaintiff appeals.

*Charles Kellison,* for appellant.
*Samuel Parker,* for appellees.

HENLEY, J.—This was an action upon two promissory notes and to foreclose a mortgage given to secure them, commenced by appellant against Peter Knisely and wife, appellees.  Appellee Melissa J. Paulus was made a defendant, it being averred in the complaint that since the execution of appellant's mortgage, the said Melissa J. Paulus had received a deed for the real estate in question from the said Knisely and wife; the appellee Paulus appeared and filed answers; but as the trial was had upon the issues formed by the cross-complaint of Melissa J. Paulus against her co-appellees and this appellant, it will not be necessary to consider the answers filed by her.  Appellee Paulus filed a cross-complaint of three paragraphs.  Appellant demurred to each paragraph of the cross-complaint.  His demurrer was overruled.  The court, at the request of appellant, made a special finding of facts and stated its conclusions of law thereon, and rendered judgment in favor of appellee Melissa J. Paulus upon her cross-complaint, and rendered judgment in favor of appellant against appellees Knisely and wife upon appellant's complaint.  Appellant filed a motion for a new trial, which was overruled by the court.

Appellant has assigned as error that the court erred in overruling his demurrer to each paragraph of appellee Melissa J. Paulus' cross-complaint and that the court erred in its conclusions of law on the special finding of facts, and that the court erred in overruling the motion for a new trial.

The facts averred in the cross-complaint of Melissa J. Paulus are all found by the court in its special finding of facts, and a substantial statement of the special finding covers not only the averments of the cross-complaint but of the special finding itself.   The facts found are in substance as follows:   That on July 1, 1885, Peter Knisely was the owner of lot numbered twelve and the north half of lot numbered five in Martin's addition to the town of Bourbon, and was in possession of the same with its buildings and improvements thereon situate, and was using the dwelling-house thereon as a place of residence for himself and family.   Appellee Phoebe J. Knisely was his wife.   On said 1st day of July, 1885, Peter Knisely and wife executed to Mary W. Orcutt a mortgage on the real estate described to secure the payment of a note for $500, payable July 1, 1888, and bearing seven and a half per cent. interest and attorneys' fees, said mortgage being duly recorded at the proper time and place; that on the 18th day of December, 1889, Peter Knisely and wife executed a mortgage on the same real estate to one John A. Paulus, which mortgage was to secure notes of the aggregate amount of $234.50, and which mortgage was duly recorded at the proper time and place; that afterwards and prior to May 21, 1896, the said John A. Paulus died, and under the provisions of his will appellee Melissa J. Paulus became the owner of the notes and mortgage, and there was on the 21st of May, 1896, due to the said Melissa on said notes and mortgage the sum of $123.67.   On the 13th of December, 1889, the said Peter Knisely, his wife not joining therein, executed to the appellant a mortgage upon certain

lands then owned by the said Peter, and which included the parcels of lands theretofore mortgaged to the said Mary W. Orcutt and John A. Paulus, which said mortgage to appellant was to secure two promissory notes due appellant from the said Peter, which mortgage was duly recorded, and there is now due appellant on said notes the sum of $765.60; that the two parcels of land included in appellant's mortgage other than the lots included in the Orcutt and Paulus mortgages have long since been sold under prior liens, and appellant's mortgage has ceased to be a lien thereon.   In the spring of 1895, Peter Knisely was notified that the debt due to Orcutt must be paid, and he solicited appellee Melissa J. Paulus, who was his sister, to raise the money for him and purchase the Orcutt mortgage, and if she would then extend the time of payment of the John A. Paulus mortgage then owned by her, he and his wife would execute a deed for the mortgaged property to her which she could hold as security for the amount due on both mortgages, and that when the said Knisely and his wife should repay the principal and interest due on said notes and mortgages so held, the said Melissa should reconvey the said real estate to them, or one of them.   The said Melissa accepted said proposition and paid off the Orcutt mortgage, amounting to $514, and on the 21st of May, 1896, the deed to the real estate hereinbefore described was made by Peter Knisely and wife to Melissa J. Paulus; "that said Melissa paid nothing for said deed or conveyance over and above the amount she had already sent to Thomas C. Day and Company," who received the money which was to satisfy the Orcutt mortgage, and she did not at any time take possession of the real estate conveyed; but the said Knisely and wife have at all times remained in possession thereof and have paid the taxes and have paid no rent and have made improvements without any expense to the said Melissa; that the deed was and is in fact a mortgage, and was so intended to be by all the parties

thereto; that the Orcutt mortgage has been satisfied of record, but the John A. Paulus mortgage is not satisfied of record; that the principal and interest due on the two claims now held by appellee Melissa J. Paulus and growing out of the Orcutt and John A. Paulus notes and mortgages amount to the sum of $806.69; that the lien of appellee's deed, held to be a mortgage, as to the amount of the Orcutt mortgage, dates from July 1, 1885, and as to the amount of the John A. Paulus mortgage, dates from December 12, 1889, and that the lien thereof upon the real estate therein described is a first and superior lien to the lien of appellant's mortgage; that the property therein described was, at the time the deed held to be a mortgage was executed, of the value of $800, and no more. We have omitted from this statement of the facts a great deal of what we consider surplusage in the special finding as made by the trial court, and have omitted and have not considered any facts which were not provable under the material averments of the answers.

The court's conclusions of law were (1) that appellant is entitled to a foreclosure of his mortgage against Peter Knisely, subject to the amount due appellee Melissa J. Paulus on her deed, found to be a mortgage, which is prior and senior to appellant's mortgage; (2) that appellee Melissa J. Paulus is entitled to a foreclosure of her deed, found to be a mortgage, against appellant and against appellees Peter Knisely and wife; that she have judgment for $806.69, and an order of sale of the mortgaged premises, etc. Judgment was rendered accordingly.

It is clear from the record, and it is conceded by counsel for appellant, that the findings and judgment of the trial court are based upon the third paragraph of the cross-complaint of appellee Melissa J. Paulus. This being true, it is not necessary to notice the first and second paragraphs of the cross-complaint. The special finding having found all the material facts averred in the third paragraph of the cross-

complaint, it follows that two of the alleged errors assigned by appellant, that is, that the court erred in overruling appellant's demurrer to the third paragraph of the cross-complaint, and that the court erred in its conclusions of law upon the facts found, present the same question.

The contest in this case is between appellant and Melissa J. Paulus. Counsel for appellant contend that under the rule laid down in *Conant* v. *National State Bank,* 121 Ind. 323, appellee could not show by parol evidence that the deed taken by her was in fact taken only as security for the money advanced by her. The Supreme Court in that case say: "It is true that the actual consideration of a contract may be shown by parol evidence, but it is not true that where the acts that a party agrees to perform are expressly and specifically set forth, it may be shown by parol evidence that he agreed to do other things. Where the writing states specifically the acts which the parties are to perform, no other acts can be proved by parol except in cases of fraud or mistake. The writing takes up and retains the whole and every part of the contract, leaving nothing to be supplied by extrinsic evidence." To the same effect see *Singer Mfg. Co.* v. *Forsyth,* 108 Ind. 334; *Diven* v. *Johnson,* 117 Ind. 512, 3 L. R. A. 308; *Pickett* v. *Green,* 120 Ind. 584.

But this rule of law so well settled in this State does not conflict with the rule that parol evidence is admissible to show that a deed absolute on its face was intended to be a mortgage only. It is said in 3 Pomeroy's Equity, §1196: "Any conveyance of land absolute on its face, without anything in its terms to indicate that it is otherwise than an absolute conveyance, and without any accompanying written defeasance, contract of repurchase, or other agreement, may, in equity, by means of extrinsic and parol evidence, be shown to be in reality a mortgage as between the original parties, and as against all those deriving title from or under the grantee, who are not *bona fide* purchasers for value and without notice." This has been the law in Indiana

from the earliest decisions. *Conwell* v. *Evill,* 4 Blackf. 67; *Wheeler* v. *Ruston,* 19 Ind. 334; *Crane* v. *Buchanan,* 29 Ind. 570; *Cox* v. *Ratcliffe,* 105 Ind. 374; *Turpie* v. *Lowe,* 114 Ind. 37; *Heath* v. *Williams,* 30 Ind. 495.

In *Russell* v. *Southard,* 12 How. 138, approved by our Supreme Court in *Heath* v. *Williams, supra,* the Supreme Court of the United States say: "The first question is whether this transaction was a mortgage, or a sale. It is insisted, on behalf of the defendants, that this question is to be determined by inspection of the written papers alone, oral evidence not being admissible to contradict, vary, or add to, their contents. But we have no doubt extraneous evidence is admissible to inform the court of every material fact known to the parties when the deed and memorandum were executed. This is clear, both upon principle and authority. To insist on what was really a mortgage, as a sale, is in equity a fraud, which can not be successfully practiced, under the shelter of any written papers, however precise and complete they may appear to be." Nor is it necessary, as counsel for appellant seem to think, that fraud or mistake must exist in order to admit parol evidence in cases of this kind. It is said in *Beatty* v. *Brummett,* 94 Ind. 76: "The allegation in regard to a fraudulent purpose on the part of the appellant was not necessary. The doctrine is well established in this and a majority of the other states, that a deed of conveyance of land absolute on its face, without any other written agreement, may in equity, without showing any fraud, mistake or accident in its execution, be shown by parol evidence to have been intended as a security for the payment of a debt, and thus be proved to be, in truth, a mortgage, as between the parties, and as against those who   *   *   *   are not purchasers in good faith, for value and without notice; and such persons have the rights, liabilities and remedies incident to the relation of mortgagor and mortgagee." To the same effect is the rule laid down by 3 Pomeroy's Equity, §1196: "The

general doctrine is fully established, and certainly prevails in a great majority of the states, that the grantor and his representatives are always allowed in equity to show, by parol evidence, that a deed absolute on its face was only intended to be a security for the payment of a debt; and thus to be a mortgage, although the parties deliberately and knowingly executed the instrument in its existing form, and without any allegations of fraud, mistake, or accident in its mode of execution."

By proper averments in the cross-complaint of Melissa J. Paulus, evidence was introduced and the finding of facts made under which the trial court correctly found that the deed executed to her was in fact a mortgage. This being determined, we will next consider the position her mortgage would occupy in respect to priority with the mortgage of appellant. The debts secured by the Paulus mortgage were both mortgage liens upon the real estate prior to the lien of the appellant's mortgage. The execution of the deed, which the court holds was a mortgage, to Mrs. Paulus, did not change or affect appellant's position or security in any way. Appellant's mortgage was a junior lien to both liens held by Mrs. Paulus. The trial court correctly held that the lien of the two mortgages which were held or paid by Mrs. Paulus must in equity be kept alive for her benefit, and of this appellant ought not to complain.

The trial court correctly overruled the demurrer to appellee's cross-complaint. The court did not err in its conclusions of law upon the facts found, and the evidence sustains the finding.

Judgment affirmed.