## BEIDELMAN *v.* KOCH ET AL.

[No. 6,435. Filed October 27, 1908.]

1.  DEEDS.—*When Deemed to be Mortgages.*—A deed accompanied by a written or oral contract by the grantee for a reconveyance of the granted land upon payment, by the grantor, of a present or preëxisting debt, constitutes a mortgage and no stipulation can make it otherwise. p. 426.
2.  MORTGAGES.—*Conditional Sales.—Distinctions.*—A mortgage is a security for a debt; and a conditional sale is a transfer accompanied by a contract to resell upon specified terms. p. 426.
3.  SAME.—*Deeds.—Intention.*—In determining whether a deed absolute upon its face constitutes a mortgage, the courts will ascertain the intention of the parties. p. 427.
4.  SAME.—*Deeds.—Evidence.*—Where the owner of lands deeded the same to the mortgagee thereof in payment of the mortgage debt, the notes and mortgage being surrendered to the maker and mortgagor, the contemporary execution of a contract to reconvey upon payment of an equal sum together with interest, taxes and expenses, does not render such deed a mortgage. p. 427.

5. EVIDENCE.—*Parol.*—*Showing Deed to be a Mortgage.*—Parol evidence is admissible to show that a deed absolute upon its face, was made under such circumstances as to render it in reality a mortgage. p. 428.

From Superior Court of Vanderburgh County; *Alexander Gilchrist,* Judge.

Suit by Thomas N. Beidelman against Henry Koch and others. From a judgment for defendants, plaintiff appeals. *Affirmed.*

*Van Buskirk & Osborn,* for appellant.

*John E. Iglehart, Edwin Taylor, Eugene Iglehart* and *George D. Heilman,* for appellees.

RABB, C. J.—Cassie Sieffert and her husband, Louis Sieffert, were indebted to Henry Koch in the sum of $900, which debt was evidenced by their promissory note payable to Koch, and secured by a mortgage on the real estate described in the complaint, which at the time the notes and mortgage were executed belonged to Cassie Sieffert. Subsequently to the execution of the notes and mortgage she and her husband conveyed the premises to her father, Michael Busch, subject to the mortgage for $900, and subsequently to this time, the mortgage debt being long past due, the interest thereon wholly unpaid, and the taxes on the premises delinquent, Busch, at the request of Cassie Sieffert, executed a deed, absolute in form, conveying the premises to said Koch, and at the same time, and as a part of the same transaction, Koch and Mrs. Sieffert entered into the following agreement:

"This agreement made and entered into this February 15, 1900, by and between Henry Koch and Cassie Sieffert of the city of Evansville, county of Vanderburgh and State of Indiana, witnesseth the following: That in consideration of the transfer of lot ten in Houston's addition to the city of Evansville to me by warranty deed by Michael Busch and his wife, which transfer is made at the instance and request of said Cassie Sieffert, I do hereby agree that if said Cassie Sieffert shall pay

or cause to be paid to me, on or before six months from this date, all interest in arrears and up to date of payment on her promissory note executed on January 11, 1897, and if she shall further pay all delinquent taxes on said real estate, both city and county, which have accrued upon said real estate since January 11, 1897, together with $25 attorneys' fees, I acknowledge myself hereby bound to transfer unto said Cassie Sieffert, or any other person whom she may designate, said lot ten in Huston's addition to the city of Evansville, by good and sufficient warranty deed, subject to a mortgage in my favor in the sum of $900. The time of note and mortgage shall be one year from the date of the transfer herein referred to, and shall be at the same rate and under the same conditions as the note and mortgage executed by said Cassie Sieffert on January 11, 1897 to me.

The consideration for the deed, this day made to me by Michael Busch and wife, is the sum therein stated, together with payment of a mortgage for $900 to me by said Cassie Sieffert, which mortgage was executed on January 11, 1897, and is recorded in mortgage record forty-seven, at page 307.

This agreement is executed in duplicate. In witness whereof the parties have hereunto set their hands and seals, this February 15, 1900.

Henry Koch.<br>Cassie Sieffert."

This agreement Cassie Sieffert has assigned to the appellant. Appellant brought this suit seeking to have the deed referred to adjudged to be a mortgage.

There was a special finding of facts and conclusions of law stated thereon by the court. Among other things, the court specially found that the consideration for the deed mentioned in appellant's complaint was the payment of the note for $900, executed by Cassie and Louis Sieffert to appellee Koch, and that upon the execution of the deed and contract appellee Koch surrendered said note to said parties, intending thereby to release them from any personal obligation thereon. The court permitted conversations between the Siefferts and Koch, and one Clark, with reference to the purpose of the parties in making and accepting the deed, to be given in evidence. Proper conclusions of law were stated

on the special findings. Appellant's motion for a new trial was overruled, and a decree entered in favor of appellees. All questions presented here arise on the action of the court below in overruling appellant's motion for a new trial, and call in question the admissibility of parol evidence to show the intention of the parties in the execution of the deed and contract, and the sufficiency of the evidence to sustain the finding of the court.

It seems to be appellant's theory that, because the deed from Busch and wife to Koch, and the contract between Koch and Cassie Sieffert, were executed at the same time and were one transaction, and because the contract provides for the reconveyance of the premises to Cassie Sieffert, or whomsoever she might name, on the payment by her of all interest accrued and which would accrue on the $900 note up to the date named in the contract, and the payment of delinquent taxes and $25 attorneys' fees, a mortgage should be conclusively presumed from these transactions, and that parol evidence is inadmissible to show a different understanding between the parties. If he is right in this contention, the court below was wrong, and the case must be reversed; otherwise the judgment must be affirmed, as the evidence, if competent, sustains the finding of the court.

We think appellant has a mistaken theory of the law applicable to this class of cases. It is the law that if a deed, and either a written or oral contract between the

1. parties thereto, be entered into at the same time, by which the grantee agrees to reconvey the premises to the grantor upon the payment by the grantor of either a preëxisting or then created debt, the transaction is conclusively presumed to be a mortgage, and no stipulation of the parties can make it otherwise.

But to give rise to this presumption there must exist a debt. There can be no mortgage without a debt.

2. Whether a given transaction is a mortgage in the form of an absolute deed or a conditional sale is very

often difficult to determine, because the elements of each are so nearly alike. The distinction between them lies in that the mortgage is a security for a debt, while a conditional sale is a deed accompanied by an agreement to resell on specified terms.

The supreme court of Missouri, in the case of *Turner* v. *Kerr* (1869), 44 Mo. 429, said: ''It is not true as a result of the adjudged cases, that a deed, absolute in its terms, delivered in payment of a debt, is converted into a mortgage merely because the grantee therein (the creditor) gives a cotemporaneous stipulation binding him to reconvey on being reimbursed, within an agreed period, an amount equal to his debt and interest thereon. * * * If they intended an extinguishment of the debt, and the vesting of an absolute title, subject only to an agreement to reconvey on specific terms—as a payment of an amount equal to the canceled debt and interest—the objects of the arrangement are not to be defeated by turning the transaction into a mortgage, when the parties intended no such result. That the amount of money to be paid as a condition to the right to demand a reconveyance is measured by the amount of the debt and interest, is a circumstance of no controlling importance. * * * If the conveyance extinguishes the debt, and the parties so intend, so that a plea of payment would bar an action thereon, * * * such transaction is no mortgage, but a conditional sale.''

The intention of the parties is the only true and infallible test, and this intention is to be gathered from the circumstances of the transaction, and the conduct of the parties. *Hopper* v. *Smyser* (1900), 90 Md. 363, 45 Atl. 206.

Here the very terms of the agreement relied on by the appellant declare the consideration for the deed to be the payment of the debt appellant claims it was given to secure. The debt could not be paid and secured by the same instrument. If it was paid it ceased to exist, and

the contract that is here relied upon to establish a mortgage would be a defense to a personal action brought by Koch against the appellant on the note. It might be that, notwithstanding the recital in this contract, it could be shown by parol evidence that it was not the purpose of the parties to cancel the debt, and that the note was still retained by the appellees as a valid obligation. But nothing of the kind is pretended. On the other hand, the fact recited in the contract, that the consideration of the deed was the payment of the note, is corroborated by the parol evidence objected to, and it is shown that at the time the deed and contract were executed the note was surrendered to the makers by the appellees as paid and canceled.

No error intervened in admitting this evidence. The recitals contained in the writings were perhaps sufficient evidence of the intention of the parties, if they were uncontradicted; but it was not error to admit parol evidence to corroborate this fact. The evidence clearly shows that it was the purpose of the parties in the execution and acceptance of the deed to pay the note and transfer the absolute title in the premises to the grantor. We are sustained in this conclusion by the carefully considered cases of *Hays* v. *Carr* (1882), 83 Ind. 275, and *Wolfe* v. *McMillan* (1889), 117 Ind. 587.

Judgment affirmed.