CLARK *v.* ALLISON

[No. 16,133.  Filed October 18, 1939.]

*Atkinson & Sanders,* for appellant.

*W. D. Stump,* and *Hartzell & Todd,* for appellee.

DEVOSS, P. J.—This is an action by appellee against appellant on a promissory note and to foreclose a mortgage on certain real estate situate in DeKalb County, Indiana, given to secure said note.

The complaint was in one paragraph, in the usual form, alleging the giving of the note and the mortgage; that said note was due and unpaid and demanding judgment in the sum of $560.00 and foreclosure of the mortgage, and contained a copy of the note and mortgage sued on.

To this complaint the appellant filed an answer in three paragraphs alleging, (1) payment; (2) failure of consideration; (3) set-off by reason of payment made on the note sued on. Appellee filed her demurrer to the third paragraph of answer, which demurrer was overruled and issues were closed by the filing of

a reply in general denial to all paragraphs of said answer by appellee.

The cause was submitted to the court for trial without a jury and at the conclusion of the evidence thereof there was a finding and judgment by the court for appellee that she recover from appellant the sum of $539.80 together with costs and that the said mortgage be foreclosed.

Appellant filed his motion for a new trial which was overruled by the court and this appeal followed.

The assignment of error questions the ruling of the trial court (1) in overruling appellant's motion for a new trial, and (2) in sustaining the demurrer of appellee to third paragraph of appellant's answer.

Appellant fails to discuss the second assigned error, and under the rules of this court the same is waived. However upon examination we find the record discloses that said demurrer was overruled by the trial court and that appellant erroneously assigned the sustaining of said demurrer as error.

There has been no motion filed to dismiss or affirm this appeal but appellee, in her brief, attacks the failure of appellant to comply with the rules of this court in the preparation of the transcript and briefs filed. There is much merit in her contention, but having in mind the ultimate result which must be reached herein we deem it proper to dispose of this appeal otherwise than by dismissal.

The reasons specified in the motion for a new trial are: (1) the decision of the court is not sustained by sufficient evidence; (2) the decision of the court is contrary to law; and appellant affirms in his brief that the only question presented by this appeal is whether or not the decision of the court is supported by the evidence. Appellant contends that this court

should weigh the evidence, under section 2-3229 Burns Revised Statutes 1933, §467 Baldwin's Ind. St. 1934.

In the case of *Robinson* v. *Horner* (1916), 62 Ind. App. 456, 460, 113 N. E. 10, cited by appellee, this court has said: "There are many decisions of the Supreme Court construing said section, and it has been decided that where the evidence is in part oral, and there is a conflict in such evidence, this court will not weigh the evidence." This case falls within that rule.

In the case of *Coulter* v. *Coulter* (1937), 103 Ind. App. 565, 567, 9 N. E. (2d) 141, in passing upon the question of the weight of the evidence the court said: "Appellant next challenges the sufficiency of the evidence to sustain the charge of abandonment made against her by appellee. The evidence on this phase of the case is conflicting. We cannot weigh it."

Again, in the case of *Fuller* v. *Fuller* (1913), 52 Ind. App. 488, 490, 100 N. E. 869, referring to the weight of the evidence this court said: "As the evidence in this case consists largely of oral testimony, we are governed by the well-settled rule which forbids a court on appeal to weigh conflicting evidence. We can consider only the evidence favorable to the finding, and if there is some evidence tending to support it in every essential, it must be permitted to stand, regardless of evidence to the contrary."

In the instant case the only material issue upon which there is conflicting evidence is whether or not appellant was entitled to credit for the sum of $212.00 claimed to have been paid on the notes, for which the note in suit was executed as a renewal.

Mr. Garstka testified that the defendant had executed notes to him for loans of money; that before he (Garstka) went to the hospital for an operation, renewal notes executed by defendant were made payable to the plaintiff, secured by a mortgage, and the

accrued interest on the old notes was settled; that plaintiff had paid him $1700.00 for the notes; that one of the notes, for $850.00, was paid, and he returned it to defendant, the latter at that time claiming he had made payments of $110.00 and $212.00; that defendant was paid the back interest from the date payment of the $110.00 was alleged to have been made, and was credited for such amount ($110.00); that defendant was also credited for $150.00 he paid; that credit was not given defendant for the $212.00 he allegedly paid; that when Garstka handed the remaining unpaid note to defendant for inspection, the latter refused to return it to him unless he would release the mortgage; that the $212.00 credit claimed by defendant was on notes not owned by plaintiff, but by Garstka. Appellant testified that from $1212.00 received from the sale of hogs to Garstka, he received $1000.00, and told the latter to credit the $212.00 on the note; that he discovered that the $212.00 was not credited when he paid the note, though he had paid such amount to the bank, but did not receive a receipt therefor. Other witnesses corroborated appellant relative to facts and circumstances surrounding the alleged payment of $212.00. Floyd Gause, cashier of the Farmers and Merchants Bank of LaOtto, to whom it is claimed by appellant the payment was made, testified that no payment was ever made to him of the $212.00 as claimed by appellant, and that he never had the notes in his bank for collection.

The note and mortgage were introduced in evidence together with the endorsement on the note. Credits on the note show a balance due of $400.00.

Evidence was also introduced to the effect that fair and reasonable attorney fees for the collection of the note and foreclosure of the mortgage were $110.00.

We think there is sufficient evidence for the trial

court to find that the sum of $212.00 was not paid on the notes as claimed by appellant, and that there is sufficient evidence from which the trial court could have found the amount due as stated in its finding, and that this was purely a matter for the consideration of the trial court. The evidence favorable to appellee is sufficient to sustain the court's decision.

No error is found in overruling appellant's motion for a new trial, and judgment is affirmed.