BARBER ET AL. *v.* BARBER ET AL.

[No. 17,542. Filed December 20, 1946.]

*George Sands,* of South Bend, for appellants.

*Charles Davis,* of Mishawaka, for appellees.

ROYSE, J.—Appellees herein are husband and wife. Hereinafter they will individually be referred to as husband or wife. Appellants were the parents of the

husband. The husband deserted his wife and four children in February, 1945. Subsequently, the wife brought this action against her husband and the appellants. Her complaint, in substance, alleged the husband deserted her and their four minor children without making provision for their support and maintenance. It further alleged the appellants, in January, 1941, agreed to and did loan the appellees money with which to purchase certain described real estate in St. Joseph County and to erect a dwelling for appellees thereon. To secure the payment to them of the monies so advanced it was agreed the title to said property should be and was taken in the name of appellants or in the name of appellant Fred Barber, and said appellants agreed to convey said property to appellees upon payment of the amount so loaned; that pursuant to said agreement appellees purchased the described real estate and built a dwelling thereon and have ever since lived and made their home therein; that the property is worth $2,500. The complaint concluded with the prayer that appellees be declared the owners of said real estate, that the deed be declared a mortgage, and that the interest of the husband be ordered sold and proceeds turned over to the wife for her maintenance and the support of the children.

Appellants filed answer of admission and denial under the rules. Appellant Fred Barber filed cross-complaint against appellees averring he was the owner of such real estate; that their claim was unfounded and constituted a cloud on his title. He prayed that his title to said property be quieted. The wife filed a denial of the averments of the cross-complaint. Upon proper affidavits, service by publication was had on the husband on both the complaint and cross-complaint. On the verified petition of appellant Fred Barber, the trial

court appointed an attorney to represent the husband. Said attorney filed an answer of denial to the complaint and cross-complaint.

After trial the court found for appellee on her complaint against her husband and the appellants. It found against appellant Fred Barber on his cross-complaint. The judgment was, in substance, as follows: That appellees are the owners in fee simple of the real estate described; that the deed mentioned and described in the complaint is a mortgage given appellant Fred Barber to secure payment of $749.70; that appellant Edith Barber has no right, title or interest in and to said real estate; that appellant Fred Barber take nothing on his cross-complaint; that said real estate be, appraised, sold at private sale for cash, and out of the proceeds the lien of appellant Fred Barber in the sum of $749.70, less costs, be paid. After payment the balance of proceeds be paid appellee Violet F. Barber for the support of herself and children.

From this judgment appellants appealed to this court, assigning as error the overruling of their motion for a new trial. The specifications in this motion are: (1) That the decision of the court is contrary to law; (2) the decision of the court is not sustained by sufficient evidence.

Appellants contend the parol agreement is within the statute of frauds and therefore unenforceable. They assert the fact appellees took possession on completion of the dwelling does not take the contract out of the statute because there was no valid contract until such time as there was a meeting of the minds and until there was an agreement as to the amount of the loan, and when, how and in what manner it was to be repaid. They further contend there was no pre-existing debt at the time of the conveyance of the land from a third

party to them; that possession was taken preliminarily during negotiations and before the negotiations ripened into a contract; that a mortgage presupposes a liquidated amount and the time and manner of payment.

In this jurisdiction in actions of this nature it is well established that parol evidence may be used to show that a conveyance of land absolute on its face is in fact a mortgage. *Turpie* v. *Lowe* (1887), 114 Ind. 37, 15 N. E. 834; *Brown* v. *Follette* (1900), 155 Ind. 316, 58 N. E. 197; *Matchett* v. *Knisely* (1901), 27 Ind. App. 664, 62 N. E. 87; *Calahan* v. *Dunker* (1912), 51 Ind. App. 436, 99 N. E. 1021.

"If a person who has contracted for the purchase of land procures another to lend him the money necessary to make the payments, or to advance it for him, and has the deed made to the latter, with an agreement that he will convey the title to the former on repayment of the amount advanced, the transaction will amount to an equitable mortgage if it was the understanding and intention of the parties that the one should become debtor to the other for the money advanced, and that the land should be held merely as security for this debt. If this was their contract, the form in which they may have cast the agreement is immaterial." 41 C. J. (Mortgages), p. 297, § 40.

We are of the opinion that if the evidence was sufficient to show the parties entered into a parol agreement by which appellants agreed to convey this property to appellees upon the payment of the money advanced by them, there was an enforceable contract. This requires an understanding of what evidence is necessary to sustain such an action. The question of whether a deed absolute in form is in fact a mortgage depends, of course, upon the intention of the parties at the time of its execution. This intention may

be shown either by written or parol evidence. *Beidelman* v. *Koch* (1908), 42 Ind. App. 423, 85 N. E. 977; *Calahan* v. *Dunker, supra*. Inadequacy of consideration is a fact which tends to establish that the deed is a mortgage. *White* v. *Redenbaugh* (1908), 41 Ind. App. 580, 82 N. E. 110; *Calahan* v. *Dunker, supra*. There is evidence tending to show a mortgage when the party asserting such fact retains control, possession and use of the property, particularly where no rent was fixed or paid. And where such party makes improvements which a tenant would not likely make. Also where the grantee has not exercised any control or ownership in relation to the property. 41 C. J. 340, § 104.

"A mortgage may be given as security for an unliquidated claim, or for whatever sum may be due from the mortgagor to the mortgagee at a given time, or for all and every kind of indebtedness which may exist between the parties or be thereafter contracted, without any specification or limitation as to amount; and in such cases it may be enforced for whatever sum the holder of the mortgage may prove to be due and payable." 41 C. J. 457, § 349. See also, 41 C. J. 323, § 86.

We next proceed to a consideration of the evidence. While there is a sharp conflict, we are permitted to consider only that most favorable to appellee. There was evidence from which the court could have found that appellant Fred Barber told the appellees he would loan them the money to purchase a lot and finance the cost of the lumber for building a house; that he would have the deed put in his name to protect himself. He agreed when appellees paid back the money to deed the property to them. Pursuant to this agreement the appellees selected the lot here involved. Appellant Fred Barber paid the purchase price, the deed being made to him. Subsequently, appellees

built a house with four or five rooms on this lot and since June, 1941 have lived therein. Appellant Fred Barber paid $190 for the lot and advanced the further sum of $559.70 for materials used in the house. He at times helped the husband in construction work on the house. The appellees paid all other labor and material bills. They gave to appellants the money to pay taxes and insurance. The property is now worth $2,500.

We are of the opinion this evidence is sufficient to establish a binding contract between appellants and appellees by the terms of which the deed here involved became and was in fact a mortgage.

Therefore, the judgment of St. Joseph Superior Court No. 1 is affirmed.

NOTE.—Reported in 70 N. E. (2d) 185.