ANDREW M. KOZACIK *v.* ANTHONY FAAS

[No. 1167A93. Filed November 21, 1968. Rehearing denied December 12, 1968. Transfer denied March 24, 1969.]

*Owen W. Crumpacker, Harold Abrahamson, Kenneth D. Reed, Richard P. Komyatte,* of Hammond, and *Crumpacker & Abrahamson,* of counsel, of Hammond, for appellant.

*James A. Holcomb, Lucas, Clifford & Wildermuth,* of Gary, for appellee.

BIERLY, J.—This action was brought by Anthony Faas, plaintiff below and appellee on appeal, in the Lake Superior Court, Room 2, in East Chicago, to contest the Last Will and Testament of his mother, Katherine Yaeger, deceased, to have the same declared null and void and have the probate of said challenged will revoked and the duties of the executor terminated.

Appellee, Anthony Faas, was the son and only heir at law of the decedent, Katherine Yaeger, who signed her Last Will and Testament on August 30, 1963. Appellant, Andrew M. Kozacik, defendant below, was the duly named, qualified, and acting executor under said will, and was the prime benefici-

ary. Two other beneficiaries, each bequeathed $1.00, were also named parties co-defendant with appellant below. These two co-defendants failed to appear and were properly defaulted.

Decedent, a widow died a resident of Lake County, Indiana, on July 13, 1966, at the age of 79, leaving assets valued at $5,998.47 and current debts in the amount of $1,697.75. The will was admitted to probate and letters testamentary issued to appellant on July 15, 1966.

In rhetorical paragraph 6 of his complaint, plaintiff alleges the invalidity of said instrument as follows:

"a) That said Katherine Yaeger was of unsound mind at the time said pretended Will was attempted to be executed,

"b) That the alleged execution of said Will was procured by undue influence,

"c) That said Will was unduly executed,

"d) That the execution of said Will was procured by fraud."

On November 10, 1966, defendant filed an answer in admission and voidance and ". . . prays that plaintiff take nothing by his allegations contesting the will of Katherine Yaeger, deceased; that the probate of said will be ratified; for the costs of this action, and for all further just and proper relief in the premises." Defendant, on said date of November 10, 1966, filed a motion for a change of venue from Lake County, which motion was granted, and said cause was subsequently venued to the Starke Circuit Court of Starke County.

Trial was to the court, without the intervention of a jury, and was begun on March 27, 1967. The decree of the court, rendered on July 31, 1967, omitting the caption, provides as follows:

"Plaintiff and defendant Kozacik having been in Court in person and by counsel, defendants Elson and Colbeck failing to appear and being called and defaulted, the Court having heard the testimony of witnesses, being duly advised in the premises, and having taken said matter under advisement now finds: that the allegations of plaintiff's complaint are true and that said will ought to be set aside and held for naught on the grounds that said will was unduly executed and that Katherine Yaeger was of unsound mind at the time of execution of said purported instrument.

"It is Therefore Ordered, Adjudged and Decreed by the Court that said written instrument dated August 30, 1963 and signed by Katherine Yaeger is declared to not be her Last Will and Testament and is held null and void.

"It Is Further Ordered, Adjudged And Decreed by the Court that the probate of said purported Last Will and Testament on July 15, 1966 in Cause No. E6352 of the Lake Superior Court, Room No. 2, sitting in East Chicago, Indiana is hereby revoked and the duties of said executor are terminated subject to his final report.

"It Is Further Ordered, Adjudged And Decreed by the Court that the proponent be, and he hereby is, allowed his costs, including attorney fees, to be paid out of the assets of the estate in the due course of administration.

/s/ Marvin D. McLaughlin
Judge, Starke Circuit Court."

On August 2, 1966, defendant timely filed a motion for a new trial, including a memorandum and affidavits in support thereof, as required by the Rules of the Supreme Court of Indiana. Said motion for a new trial was overruled on August 31, 1967, and appellant assigns as the sole error the overruling of his motion for a new trial.

We quote the provisions of the will in controversy as follows:

"I, Katherine Yaeger, a widow, now residing in the City of Whiting, Lake County, Indiana, being of sound and disposing mind and memory, do make, publish and declare this to be my Last Will and Testament, hereby revoking

any and all former Wills and codicils by me at any time heretofore made.

"ITEM ONE: I hereby direct my personal representative hereinafter named to have the Kosior Funeral Home of Whiting, Indiana, take charge of the burial of my remains for burial and interment, and to give me the type of funeral as I have left instructions therefor. That my remains shall be interred in the St. Mary's Cemetary, Hessville, Indiana, along that of my deceased husband. That my personal representative place a similar headstone as that of my husband. To pay any and all my just debts, if any there remain and provable.

"ITEM TWO: I hereby bequeath unto my brother, Jacob Elson, and to my sister, Sue Colbeck, each, the sum of One ($1.00) Dollar.

"ITEM THREE: I hereby direct my personal representative appointed, to take any legal action necessary and required to collect the sum of Sixty-Three hundred ($6300.00) Dollars, together with the sum of Ten Thousand ($10,000.00) Dollars, which my son, Anthony Fass, received from me, in various loans, and also from a savings account wherein he had me deposit the last amount in the names of his daughters and himself, without my knowledge and authorization, and which I have been asking and demanding that he turn same over to me when requested, and wherein he told me, that he had the money, but refused to turn same over to me. That my representative shall use all legal means to recover said amounts from my son, Anthony Fass.

"ITEM FOUR: All the rest, remainder and residue of my estate of whatsoever kind, nature and description which I own, or have any interest therein at the time of my death, whether real, personal or mixed, I give, devise, and bequeath unto my trusted friend, advisor and legal counsel, Andrew M. Kozacik of Whiting, Indiana; and by way of explanation, although said beneficiary of my bequest had strongly advised me the possible implications of legal action from my son, Anthony Faas, I do strictly assert my legal right to give my estate to whomever I desire. That I am of strong and understanding mind, with full capabilities to make decisions, do desire that this bequest be enforced fully and unconditionally as stated, to the exclusion of everyone else who may claim or demand any interest of, in or to my estate. I have instructed my attorney to make this explicit statement in this Will of my own wishes and desires.

"ITEM FIVE: I hereby nominate and appoint Andrew M. Kozacik, as my personal representative, and that he shall not be required to file, post or furnish any surety or bond in my estate.

"IN WITNESS WHEREOF, I, Katherine Yaeger, a widow, have hereunto set my hand and seal to this my Last Will and Testament, on this 30th day of August, 1963.

(signed) Katherine Yaeger."

The appellant, Andrew M. Kozacik, contends that the decision of the trial court was not sustained by sufficient evidence in that the testatrix lacked sufficient mental capacity to make a will at the time of its execution. Also, appellant says that the court erred in admitting into evidence "Plaintiff's Exhibit 2", which consists of two account cards showing transactions of a joint savings account maintained by the deceased and her son, plaintiff-appellee Faas. These account cards, appellant contends, were improperly admitted, citing Burns' Indiana Statutes Annotated §§ 2-1715, 2-1716 (our "Dead Man's Statutes") which provide:

"BURNS' § 2-1715: In suits or proceedings in which an executor or administrator is a party, involving matters which occurred during the lifetime of the decedent, where a judgment or allowance may be made or rendered for or against the estate represented by such executor or administrator; any person who is a necessary party to the issue or record, whose interest is adverse to such estate, shall not be a competent witness as to such matters against such estate; Provided, however, That in cases where a deposition of such decedent has been taken, or he has previously testified as to the matter, and his testimony or deposition can be used as evidence for such executor or administrator, such adverse party shall be a competent witness for himself, but only as to any matters embraced in such deposition or testimony. [Acts 1881 (Spec. Sess.), ch. 38 § 276, p. 240].

"BURNS' § 2-1716: In all suits by or against heirs or devisees, founded on a contract with or demand against the ancestor, to obtain title to, or possession of property, real or personal, of, or in right of, such ancestor, or to affect the same in any manner, neither party to such suit

shall be a competent witness as to any matters which occurred prior to the death of the ancestor. [Acts 1881 (Spec. Sess.), ch. 38 § 277, p. 240]."

Further, appellant says the trial court erred in refusing to grant him a new trial for reason of newly discovered evidence. This newly discovered evidence consists of an affidavit by a newly discovered witness setting forth the opinion of said witness that the decedent was of sound mind some time after the date of the execution of the will.

Appellee answers that the record shows ample evidence to sustain the court's verdict that the decedent was of unsound mind at the time of execution—her unkempt personal habits, her inability to remember when she had taken meals, and her lack of veracity. Further, appellee says that the fact that the deceased cut off her only son, with whom she had a good relationship and knew to be of modest means, in favor of her attorney, created an unnatural devise sufficient to raise an inference of fraud. Appellee quotes 57 Am. Jur., *Wills*, Section 392:

> "It is said that the circumstance that the scriviner of a Will takes a benefit under it is a just ground for suspicion of fraud, but it is not sufficient to create a presumption of fraud, which will require the court to pronounce against the Will unless it is rebutted. But such circumstance, in combination with debility on the part of the testator, unnaturalness of the Will or other suspicious circumstance, may raise a presumption of fraud."

Testimony of appellant discloses that he received no compensation from the deceased for the drawing of the will in question or any other legal services over the seven year period he represented her. Appellee maintains this is truly an unusual attorney-client relationship, and sufficient to raise the inference of fraud. As authority for this assertion that Indiana takes a harsh view of such arrangements, appellee cites *Sweeney v. Vierbuchen* (1946), 224 Ind. 341, 66 N. E. 2d 764. In *Sweeney, supra,* our court cites with approval the

New York case of *In Re: Putnam's Will* (1931), 257 N. Y. 140, 177 N. E. 399. In that case the court said:

> "Attorneys for clients who intend to leave them or their families a bequest would do well to *have the will drawn by some other lawyer. Any suspicion which may arise of improper influence used under the cover of the confidential relationship may thus be avoided.* The law, recognizing the delicacy of the situation, requires the lawyer who drafts himself a bequest to explain the circumstances and to show in the first instance that the gift was freely and willingly made. *Matter of Smith, 95 N. Y. 516.* 'Such Wills, when made to the exclusion of the natural objects of the testator's bounty, are viewed with great suspicion by the law, and some proof should be required beside the factum of the will before the will can be sustained.' *Marx v. McGlynn,* 88 N. Y. 357, 371. In the absence of any explanation, a jury may be justified in drawing the inference of undue influence, although the burden of proving it never shifts from the contestant" (Emphasis supplied).

The admission of the savings account cards, appellee contends, was proper because it went to the matter of showing the memory, and, hence, the testamentary capacity of the deceased. These cards were admitted to show that the appellee-son had not removed $10,000.00 from the joint account without his mother's knowledge or consent, and that "Item Three" of his mother's will was the result of an insane delusion. Appellee argues such evidence is admissible for the purpose of showing the mental condition of the testator, and not for the purpose of contradicting the will, citing *Lamb v. Lamb* (1886), 105 Ind. 456, 5 N. E. 171.

Appellant's newly discovered evidence was properly excluded, appellee contends, since it is clear on its face that the affiant's knowledge is limited to a period after the execution of the will and is, therefore, irrelevant and cumulative.

Indiana courts for a long period of time have taken the position that the weight of the evidence and the credibility

of. the witnesses are for the trial court to determine. *Hudelson v. Hudelson* (1905), 164 Ind. 694, 74 N. E. 504, *Clark v. Allison* (1939), 107 Ind. App. 116, 22 N. E. 2d 905.

The case at bar involves the weight of the evidence based on the testimony of many witnesses. The evidence is conflicting and hence the reviewing court will consider only the evidence most favorable to the appellee, or to the party in whose favor the judgment was entered. *Barber v. Barber* (1946), 117 Ind. App. 156, 70 N. E. 2d 185; *Heffington v. Tichenor* (1946), 116 Ind. App. 475, 65 N. E. 2d 500; *Deep Vein Coal Co. v. Dowdle* (1946), 224 Ind. 244, 66 N. E. 2d 598.

On appeal it was held in *Badgley v. State; Brown v. State* (1949), 226 Ind. 665, 668, 82 N. E. 2d 841, that "only the evidence most favorable to the state, and all reasonable and logical inferences that may be drawn therefrom, will be considered by this court".

Appellant, during the course of his argument, discusses only Assignment of Errors 1, 2, 3, 5a and 8, in his motion for a new trial. Therefore other causes listed as hereinbefore set out are deemed to be waived. See Rule 2-17 of the Supreme Court of Indiana.

We are called upon to determine whether there is sufficient evidence of probative value favorable to appellee to sustain the findings and judgment of the trial court.

In a will contest it has been held by the Supreme Court of Indiana that two grounds are applicable. The first involves the unsoundness of mind of the testator or testatrix, while the second involves undue execution of the will, which term embraces, and is based on, undue influence and fraud.

We are of the opinion that there is sufficient evidence favorable to the appellee, with all reasonable and logical infer-

ences that may be drawn therefrom, to support the findings and judgment of the trial court. *Kraus v. Kraus, Executor, Etc. et al.* (1956), 235 Ind. 325, 132 N. E. 2d 608; *Robertson Bros. Dept. Store v. Stanley* (1950), 228 Ind. 372, 90 N. E. 809.

The evidence was conflicting as heretofore pointed out, and a reviewing court will consider only the evidence most favorable to the appellee. *A. S. C. Corporation v. First Nat. Bank Etc.* (1960), 241 Ind. 19, 167 N. E. 2d 460.

No attempt apparently was made by appellant to explain away the appellant's error in said will that the testatrix be buried beside her late husband in St. Mary's Cemetery, Hessville, Indiana, when testimony elicited the fact that she had no deceased husband buried there, but that her said husband was buried in St. Mary's Cemetery, Chicago, Illinois.

Testimony by appellant on cross examination relative to the burial place of the testatrix clearly establishes the fact that her deceased husband in question was buried in St. Mary's Cemetery in Chicago, Illinois.

We have heretofore discussed the impropriety of an attorney drafting a will which names the drafting attorney as a beneficiary. It appears to be exceedingly bad practice when the attorney is the sole beneficiary, especially when the terms of the will fail to make any provisions to the natural objects of her bounty, to-wit, her son and grandchildren.

We do not charge appellant with any intentional wrongdoing in drafting said will, but the wisdom in so doing is exceedingly bad practice.

We are of the opinion that the trial court committed no reversible error in overruling appellant's motion for a new trial.

We are of the opinion that the judgment of the trial court should be affirmed.

Judgment affirmed.

Pfaff and Smith, JJ., concur.

Cook, P.J., not participating.

NOTE.—Reported in 241 N. E. 2d 879.